## MAHER *v.* McKNIGHT.

APPEAL AND ERROR—FINDINGS OF FACT—CONCLUSIVENESS.

A finding of fact for which there is foundation in the evidence in a case tried without a jury cannot be interfered with on error.

Error to Kent; Perkins, J. Submitted June 7, 1906. (Docket No. 30.) Decided July 23, 1906.

Assumpsit by Edgar A. Maher against William F. McKnight, James T. McAllister, and John J. Tweddle for services rendered. There was judgment for defendants, and plaintiff brings error. Affirmed.

*Richard L. Newnham,* for appellant.

*McKnight & McAllister,* for appellees.

GRANT, J. Plaintiff brought suit to recover for the services as attorney for the defendants the sum of $300 and $15.50 expenses. The case was tried before the court without a jury. The findings cover nine pages of the printed record. The proposed amended findings cover nine more pages.

Neither the rendition of the services nor their value is disputed. The defense is that the services of plaintiff were not rendered for the defendants, but in the interests of other parties, clients of plaintiff, who were interested in a long litigation over the property which was the subject of the dispute. Defendants McKnight and McAllister were attorneys and represented the original claimant in the litigation. It is conceded by plaintiff that, up to a certain point, he had a contract with his former clients to compensate him for the services rendered, and that he looked to no one else. At this point Wolcott & Perkins commenced a suit involving an interest in the same prop-

erty, and plaintiff appeared in that litigation as the solicitor for these defendants. He claims that when that part of the litigation, prior to the suit of Wolcott & Perkins, had terminated, he settled with his clients and no longer looked to them for his pay. He did not, however, notify McKnight & McAllister of that fact. Nothing was said by plaintiff to defendants to indicate that he was acting for them under any other or different arrangement than that which formerly existed. Defendants rested and acted upon the theory that plaintiff's relation with his former clients still existed.

The court found as a fact:

"That there was no express agreement between the parties whereby the plaintiff was employed to assist in the conduct of the suit of Wolcott & Perkins against Tweddle, but the plaintiff was requested by the defendants to assist in its conduct, in reliance upon the understanding and agreement aforesaid, believing that no charge for such services would be made either against Mariette Fingleton or her solicitors, McKnight & McAllister."

There was evidence upon which such finding is based. This being so, this court cannot interfere with the conclusion reached.

The judgment is affirmed.

CARPENTER, C. J., and MCALVAY, HOOKER, and MOORE, JJ., concurred.